**Glenn Ray LOFTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–88–00682–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 12, 1989.

Kenneth W. Sparks, Houston, for appellant.

Kathlyn Giannaula, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

MURPHY, Justice.

Appellant, Glenn Ray Lofton, appeals from denial of a pre-trial petition for habeas corpus. He was originally indicted with auto theft enhanced by two prior felony convictions. A jury found him guilty as charged. After finding the enhancement allegations true, the trial court assessed punishment at thirty years' confinement in the Texas Department of Corrections. Appellant then filed a motion for a new trial, but the record contains only the first and last page of what appears to be a three page motion. While the first page of his motion shows that appellant sought a new trial based on allegedly insufficient evidence to support his conviction, the last page shows only that the trial court granted a new trial without specifying the basis of its decision. Prior to retrial, the appellant filed a petition for habeas corpus in which he claimed double jeopardy barred retrial because his conviction in the first trial lacked sufficient evidence. But in Paragraph VI of the petition, appellant also stated that the trial court granted his motion for a new trial *"based on newly available evidence* (emphasis added)." This appeal followed when the trial court denied relief.

We conclude the trial court properly denied appellant's petition for habeas corpus. Had appellant's motion for a new trial rested only on insufficient evidence grounds, the trial court's granting a new trial would have barred reprosecution under the rule of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). However, since appellant concedes in his petition that the trial court granted the new trial based on newly discovered evidence, and since the record before us lacks his complete motion for a new trial, appellant has not demonstrated that the trial court granted the motion based *solely* on insufficient evidence. *See Moore v. State,* 749 S.W.2d 54, 58 (Tex.Crim.App.1988) (en banc). We note further that the appellant requested the new trial and that there is nothing to suggest that prosecutorial or judicial overreaching provoked his request. *See Zimmerman v. State,* 750 S.W.2d 194, 210–11 (Tex.Crim.App.1988) (en banc).

We are aware of two appeals from denial of pre-trial petitions for habeas corpus in which our sister courts of appeal have addressed the sufficiency of the evidence to support a prior conviction when the trial courts granted motions for a new trial on grounds other than insufficient evidence. *See Ex parte Stowe,* 744 S.W.2d 615 (Tex.App.—Houston [1st Dist.] 1987, no pet. reported) (motion for new trial based on improper jury argument); *Hamilton v. State,* 699 S.W.2d 576 (Tex.App.—Texarkana 1985, pet. ref'd) (motion for new trial based on defective jury instructions). However, we decline the invitation to consider the sufficiency of the evidence. In our view, such an examination is not required.

Accordingly, we conclude there is no double jeopardy bar to prosecution, overrule

appellant's three points of error, and affirm the judgment of the trial court.