**Ex parte Glenn Ray
LOFTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 182–89.**

Court of Criminal Appeals of Texas,
En Banc.

June 28, 1989.

Rehearing Denied Sept. 20, 1989.

Kenneth W. Sparks, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry and Robert Molder, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

CLINTON, Judge.

This is a pretrial petition for habeas corpus relief seeking to bar a second trial for the same offense after the trial court granted a motion for new trial on concededly *"unspecified* grounds." [1]  The petition contends evidence was insufficient, and alleges that his "motion for new trial, *based on newly available evidence,* was thereafter granted[.]" Tr. 3, para. VI.

Pertinent procedural facts of the case were traced by the court of appeals in affirming the judgment of the trial court denying relief. *Lofton v. State,* 765 S.W.2d 495 (Tex.App.—Houston [14th] 1989). However, applicant now asserts that the court of appeals did not comprehend the true thrust of his contention, *viz:* Regardless of reasons for granting a new trial, an accused who thereafter files and presents a pretrial petition for writ of habeas corpus raising a jeopardy bar on account

1. Brief for Applicant, at 1. All emphasis throughout is supplied by the writer of this

opinion unless otherwise indicated.

of legally insufficient evidence to support the former verdict of guilty is entitled to have that claim finally determined. He relies generally on *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Ex parte Robinson*, 641 S.W.2d 552 (Tex.Cr.App.1982); *Ex parte Rathmell*, 717 S.W.2d 33 (Tex.Cr.App.1986), and specifically on *Ex parte Stowe*, 744 S.W.2d 615 (Tex.App.—Houston [1st] 1987), no PDR history, and *Hamilton v. State*, 699 S.W.2d 576 (Tex.App.—Texarkana 1985), PDR refused.[2] For reasons about to be developed, we will affirm.

The safeguard afforded by our constitutional provisions is against being twice put in jeopardy for the same offense. Fifth Amendment, Constitution of the United States; Article I, § 14, Bill of Rights, Constitution of the State of Texas. Succinctly stated, they protect against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction and against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, at 717, 89 S.Ct. 2072, at 2076, 23 L.Ed.2d 656 (1969).

Obviously, applicant has not gained an acquittal nor suffered a conviction or any punishment. He faces another trial for the same offense because the trial court granted his motion for a new trial on a ground other than his claim that the evidence was insufficient.

His position is that none of the cases generally relied on, *Abney*, *Robinson* and *Rathmell*, "require that a motion for new trial be granted on the grounds of insufficient evidence before the question of sufficiency and jeopardy can be reviewed on appeal by a pre-trial writ of habeas corpus," Brief, at 7, and that the cases specifically relied on, *Stowe* and *Hamilton*, expressly conclude that the claim may be made because "the right not to be twice placed in jeopardy is reviewable before a

second exposure occurs," *Hamilton*, at 577; *Stowe*, at 616.

While his claim may be *entertained* by a habeas court, *Ex parte Robinson*, supra, at 555, it is so utterly without merit that upon examining the petition under Article 11.10, V.A.C.C.P., the judge would be fully justified in refusing to *grant* (issue) the writ without hearing it. The writ need not be granted when "it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever." Article 11.15, V.A.C.C.P.

The Double Jeopardy Clauses do not mean "that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." *Wade v. Hunter*, 336 U.S. 684, at 688, 69 S.Ct. 834, at 837, 93 L.Ed. 974, at 978 (1949).

The principal reason applicant is not entitled to relief is that under the facts of this cause he is not being threatened with exposure to "double" jeopardy. Although it attached in the first trial, jeopardy was not terminated by an acquittal or conviction. After hearing, the trial judge did not order an acquittal for insufficient evidence; rather, the court set aside the verdict and vacated its judgment by granting a new trial on motion by applicant, thereby restoring the case "to its position before the former trial," Tex.R.App.Pro. Rule 32. Therefore, as with a new trial after a mistrial, initial jeopardy continues. See *Ex parte McAfee*, 761 S.W.2d 771, at 772–773 (Tex.Cr.App. 1988); *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).

*Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), is inapposite here; it did not lay down "some overriding principle of double jeopardy law that was applicable across the board to situations totally different from the facts out of which it arose [and] did not extend beyond

---

**2.** While applicant does not cite it, see also *Faulder v. State*, 745 S.W.2d 327 (Tex.Cr.App. 1987), in which this Court accepted that "a collateral attack on the sufficiency of the evidence that was adduced at his former trial .... is permissible under this Court's decisions [seeing

*Rathmell, Robinson* and *Abney*, supra]," *id.*, at 330. Given the different context in which that "collateral attack" was made, we are not called on to decide whether this aspect of *Faulder* is correct.

the procedural setting in which it arose." *Richardson,* supra, 468 U.S. at 323, 104 S.Ct., at 3085, 82 L.Ed.2d at 249.

Accordingly, we affirm the judgment of the Houston [14th] Court of Appeals.