**Ex parte Timothy Hugh QUEEN.**

No. 01–91–00194–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 21, 1992.

Randy Schaffer, P.C., Jane Disko, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Bill Hawkins, Asst. Dist. Atty., for appellee.

Before OLIVER–PARROTT, C.J., and DUGGAN and DUNN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the trial court's denial of a pretrial writ of habeas corpus. Appellant asserts a jeopardy bar on account of legally insufficient evidence to support an earlier verdict of guilty.

Appellant was charged by indictment with burglary of a habitation. After his plea of not guilty, a jury found appellant guilty, found two enhancement allegations in the indictment to be true, and assessed his punishment at 40 years' confinement in the Texas Department of Criminal Justice, Institutional Division.

Appellant filed a motion for new trial, asserting that his conviction should be set aside due to ineffective assistance of counsel, an erroneous jury charge, newly discovered evidence, and a verdict contrary to the law and evidence. The motion for new trial was heard, recessed, and finally overruled by operation of law. In 1990, appellant appealed to this Court, which abated the appeal[1] and ordered the trial court to consider a second motion for new trial. After a hearing, the trial court apparently granted a new trial; however, the record contains neither a statement of facts from the hearing on the motion for new trial nor an order granting a new trial.

Prior to retrial, appellant filed an application for a writ of habeas corpus, claiming that double jeopardy considerations barred any retrial since his original conviction was not supported by sufficient evidence. This appeal follows the trial court's denial of writ.

Appellant presents one point of error for review, claiming:

The double jeopardy clause bars retrial because the evidence at appellant's first trial was insufficient to establish that he entered the complainant's habitation.

Appellant admits in his application for writ of habeas corpus that the trial court granted his motion for new trial based on a finding that he was afforded ineffective assistance of counsel during his first trial. When a motion for new trial was granted at the defendant's request, and the basis was other than insufficient evidence, double jeopardy considerations do not bar a new trial. *Lofton v. State,* 777 S.W.2d 96, 97 (Tex.Crim.App.1989).

Double jeopardy precludes a second prosecution for the same offense after either acquittal or conviction, and forbids multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Lofton,* 777 S.W.2d at 97; U.S. CONST. amend. V; TEX. CONST. art. I, § 14. Appellant has not gained an acquittal or suffered a final conviction. Neither has he been faced with multiple punishments for the offense with which he is charged.

TEX.R.APP.P. 32 states:

Granting a new trial restores the case to its position before the former trial including, at the option of either party, arraignment or pretrial proceedings initiated by that party....

Thus, appellant is not exposed to double jeopardy in the present case. Rather, he is in the same position as if the first trial had not occurred.

In *Lofton,* the Texas Court of Criminal Appeals reasoned that a motion for new trial must be granted on grounds of insufficient evidence before questions of jeopardy and sufficiency may be reviewed on appeal by a pretrial writ of habeas corpus. *Lofton,* 777 S.W.2d at 97. This Court, therefore, declines to review appellant's assertions about sufficiency of the evidence. We overrule his point of error and affirm the decision of the trial court.

OLIVER–PARROTT, C.J., concurs.

OLIVER–PARROTT, Chief Justice, concurring.

I am compelled to concur in the result reached by the majority because the Court quite correctly follows the holding in *Lof-*

---

1. *Ex parte Timothy Hugh Queen,* No. 01–91–00194–CR (Tex.App.—Houston [1st Dist.], March 15, 1991) (order) (unpublished).

*ton v. State,* 777 S.W.2d 96, 97 (Tex.Crim. App.1989). I believe, however, that our higher court should reevaluate its holding in that case. The issue is whether the defendant waives the right to have the sufficiency of the evidence reviewed following his conviction by subsequently asserting his procedural right to request a new trial based on trial error. Although *Lofton* assumes that the United States Supreme Court decided this issue in *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), I respectfully disagree. *Richardson* specifically addressed whether a defendant could prevent a retrial because of insufficient evidence where the jury *never reached a verdict.* Without a verdict, or conviction, the court held there was no jeopardy. In *Lofton,* the court compared the post-verdict granting of a new trial to a mistrial occasioned by a hung jury. If *Lofton* is correct, a defendant whose conviction is reversed for trial error, but who fails to persuade the court that the evidence is insufficient, cannot bar retrial by challenging the sufficiency of the evidence on federal habeas corpus. However, the federal courts have permitted a defendant in this situation to contest the sufficiency of the evidence on habeas corpus before retrial. *United States v. Sneed,* 705 F.2d 745 (5th Cir.1983); *Delk v. Atkinson,* 665 F.2d 90 (6th Cir.1981); *cf. Gully v. Kunzman,* 592 F.2d 283 (6th Cir.), *cert. denied,* 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 292 (1979). Such a defendant is in the same posture as appellant, who was granted a post-verdict new trial based on trial error. There is no reason that appellant should be penalized by denial of a review of the sufficiency of the evidence simply because he obtained a post-verdict reversal from the trial as opposed to the appellate court.

Perhaps a brief review of the procedural facts of this case most clearly demonstrates the injustice of the *Lofton* rule. Appellant's motion for new trial was initially overruled and direct appeal was commenced. Appellate counsel (who did not represent appellant at trial or for purposes of post-trial motions) moved to abate the appeal when the trial judge agreed to re-hear the motion for new trial. The trial judge then granted the new trial on the basis of ineffective assistance of counsel. Appellant now finds himself with no avenue to question the sufficiency of the evidence. If the trial judge had erroneously denied the motion for new trial, appellant would have had a right to complete appellate review. Certainly, such result is contrary to fairness and common sense. If the evidence was insufficient at appellant's first trial, he should not be subject to the retrial. The *Lofton* rule precludes our even reviewing the evidence to determine its sufficiency. We should have that opportunity, and the appellant should have that right.

Although I concur with the majority in the application of the current law, I respectfully assert that the *Lofton* case should be readdressed, and the appellate court should be permitted to review the evidentiary challenges in these circumstances.