## Ex Parte Timothy Hugh QUEEN.

### No. 921–92.

Court of Criminal Appeals of Texas.

Feb. 9, 1994.

On Rehearing En Banc May 18, 1994.

Opinion of Judge Baird Dissenting to Denial of Appellant's Motion for Rehearing May 18, 1994.

Randy Schaffer, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & J. Harvey Hudson & Bill Hawkins, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

MALONEY, Judge.

■ This is a pre-trial application for writ of habeas corpus seeking to bar a retrial on double jeopardy grounds after the trial court has granted appellant's motion for new trial on a ground other than insufficient evidence. The trial court denied the pre-trial writ of habeas corpus. The First Court of Appeals affirmed with the Chief Justice concurring. *Ex parte Queen*, 833 S.W.2d 207 (Tex.App.—Houston [1st Dist.] 1992). We granted appellant's petition for discretionary review to determine whether a defendant waives the

right to challenge the sufficiency of the evidence via a pre-trial writ of habeas corpus when the defendant's motion for new trial is granted based on trial error. We will affirm.

The following facts are quoted from the Court of Appeals' opinion:

Appellant was charged by indictment with burglary of a habitation. After his plea of not guilty, a jury found appellant guilty, found two enhancement allegations in the indictment to be true, and assessed his punishment at 40 years' confinement in the Texas Department of Criminal Justice, Institutional Division.

Appellant filed a motion for new trial, asserting that his conviction should be set aside due to ineffective assistance of counsel, an erroneous jury charge, newly discovered evidence, and a verdict contrary to the law and evidence. The motion for new trial was heard, recessed, and finally overruled by operation of law. In 1990, appellant appealed to [the First Court of Appeals], which abated the appeal[1] and ordered the trial court to consider a second motion for new trial. After a hearing, the trial court apparently granted a new trial; however, the record contains neither a statement of facts from the hearing on the motion for new trial nor an order granting a new trial.[2]

Prior to retrial, appellant filed an application for a writ of habeas corpus, claiming that double jeopardy considerations barred any retrial since his original conviction was not supported by sufficient evidence. This appeal follows the trial court's denial of [the] writ.

*Ex parte Queen*, 833 S.W.2d at 208.

On appeal to the First Court of Appeals, appellant argued that double jeopardy

1. *Ex parte Timothy Hugh Queen*, No. 01–91–00194–CR (Tex.App.—Houston [1st Dist.], March 15, 1991) (order) (unpublished).

2. The Court of Appeals noted that in his application for writ of habeas corpus, appellant stated that the trial court granted his motion for new trial based upon ineffective assistance of counsel. *Ex parte Queen*, 833 S.W.2d at 208. In their briefs to this Court, both parties assert that the trial court granted appellant's motion for new trial based upon ineffective assistance of counsel.

During oral argument before this Court on Thursday, March 4, 1993, appellant's counsel stated that the trial court granted the motion for new trial without giving a reason, but his assumption was that it was granted on ineffective assistance because that was the primary argument at the hearing on the motion for new trial. Because the parties and the Court of Appeals agree that the trial court granted the motion for new trial based upon ineffective assistance of counsel, we will assume that to be the case.

barred a second trial because "the evidence at [his] first trial was insufficient to establish that he entered the complainant's habitation." The Court of Appeals declined to reach the merits of appellant's claim. Instead, the court, relying upon *Lofton v. State,* 777 S.W.2d 96, 97 (Tex.Crim.App.1989), held that double jeopardy does not bar a new trial when the defendant's motion for new trial is granted on grounds other than insufficient evidence. *Ex parte Queen,* 833 S.W.2d at 208. In a concurring opinion, the Chief Justice noted that the majority correctly followed *Lofton,* but that she believed this Court should "reevaluate" its holding in *Lofton* because it produces unjust results. *Id.* 833 S.W.2d at 209. Appellant also urges us to reconsider *Lofton.* It is to that task that we now turn.

In *Lofton,* the trial court granted a motion for new trial on unspecified grounds. Thereafter, Lofton filed a pre-trial application for writ of habeas corpus asserting that double jeopardy barred a retrial because the evidence at his first trial was insufficient and he was entitled to have the issue of sufficiency finally determined. *Lofton,* 777 S.W.2d at 96–97. This Court noted that the federal and state constitutions protect against "a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction and against multiple punishments for the same offense." *Lofton,* 777 S.W.2d at 97 (citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). But, because Lofton had not been acquitted, convicted, or punished, this Court, unanimously, held that double jeopardy did not bar a retrial:

> The principal reason [Lofton] is not entitled to relief is that under the facts of this case he is not being threatened with exposure to "double" jeopardy. Although it attached in the first trial, jeopardy was not terminated by an acquittal or conviction. After hearing, the trial judge did not order an acquittal for insufficient evidence; rather, the court set aside the verdict and vacated its judgment by granting a new trial on [Lofton's motion], thereby restoring the case "to its position before the former trial." Tex.R.App.P. 32. There-

fore, *as with a new trial after a mistrial, initial jeopardy continues.*

*Lofton,* 777 S.W.2d at 97 (emphasis added) (citing *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *Ex parte McAfee,* 761 S.W.2d 771, 772–73 (Tex.Crim.App.1988)).

Appellant contends that our reliance in *Lofton* upon *Richardson* and *Ex parte McAfee* was misplaced because we erroneously equated the post-verdict grant of a defendant's motion for new trial with a new trial occasioned by a mistrial due to the jury's inability to render a verdict. In *Richardson,* the United States Supreme Court held that under the Fifth Amendment, a trial court's declaration of a mistrial due to the jury's inability to agree on a verdict was not an event that terminated jeopardy; therefore, double jeopardy did not bar a retrial "regardless of the sufficiency of the evidence at [the] first trial." *Richardson,* 468 U.S. at 326, 104 S.Ct. at 3086. In *Ex parte McAfee* this Court followed the *Richardson* holding.

■ In *Lofton,* this Court recognized that in *Richardson* and *Ex parte McAfee* the juries were unable to agree on a verdict which resulted in a mistrial and a new trial, but concluded that those cases were sufficiently analogous to the grant of a defendant's motion for new trial after the jury rendered a verdict because "as with a new trial after a mistrial, initial jeopardy continues." *Lofton,* 777 S.W.2d at 97. "[T]he protection of the Double Jeopardy Clause by its terms, applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson,* 468 U.S. at 325, 104 S.Ct. at 3086 (citations omitted). Thus, before a defendant can be "twice put in jeopardy," as contemplated by the Fifth Amendment, the original jeopardy must have terminated. "Absent a final judgment, [a defendant] remains under the initial jeopardy. Therefore, a retrial for the same offense is not *double* jeopardy." *Ex parte McAfee,* 761 S.W.2d at 773 (emphasis in original) (footnote omitted). Consequently, as pointed out in *Lofton,* when a defendant's motion for a new trial is granted based upon trial error, the initial jeopardy has not terminated, and dou-

ble jeopardy does not bar a retrial regardless of the sufficiency of the evidence at the former trial.

Appellant states, as did the concurring opinion in the court below,[3] that *Lofton* affords appellant "no avenue to challenge the sufficiency of the evidence at the first trial." However, as the State correctly points out, appellant had two choices—he could have requested a new trial or he could have appealed his conviction directly to the Court of Appeals. Had appellant chosen the latter, he could have obtained full appellate review of any number of issues, including, but certainly not limited to, ineffective assistance *and* sufficiency. Because appellant chose the former, he cannot now complain that the trial court granted his motion for new trial for the wrong reason.

Appellant cites several federal cases in support of his position. *See United States v. Wood,* 950 F.2d 638, 642 (10th Cir.1991); *United States v. Szado,* 912 F.2d 390, 391–93 (9th Cir.1990); *United States v. Anderson,* 896 F.2d 1076, 1077–78 (7th Cir.1990); *Vogel v. Pennsylvania,* 790 F.2d 368, 376 (3d Cir. 1986). It is questionable whether those cases actually support appellant's position; regardless, several federal cases have specifi-

cally held to the contrary based upon *Richardson. See Evans v. Court of Common Pleas, Del. County, Pa.,* 959 F.2d 1227, 1236–37 (3d Cir.1992); *United States v. Miller,* 952 F.2d 866, 871–74 (5th Cir.1992); *United States v. Porter,* 807 F.2d 21, 23–24 (1st Cir.1986).

■ Thus, under the Fifth Amendment to the United States Constitution, a motion for new trial must be granted on insufficiency of the evidence before questions of jeopardy and sufficiency can be reviewed on appeal via a pre-trial writ of habeas corpus.[4] *Lofton.* We see no reason to overrule our holding in *Lofton.*

The judgment of the Court of Appeals is AFFIRMED.

CLINTON, J., concurs in the result.

McCORMICK, P.J. and BAIRD, J., not participating.

Before the Court en banc.

## ON APPELLANT'S MOTION FOR REHEARING

Appellant's motion for rehearing on petition for discretionary review denied.

*Ex parte Queen,* 833 S.W.2d at 209 (Oliver–Parrott, C.J., concurring).

---

3. The concurring opinion stated:
   There is no reason that appellant should be penalized by denial of a review of the sufficiency of the evidence simply because he obtained a post-verdict reversal from the trial as opposed to the appellate court.
   Perhaps a brief review of the procedural facts of this case most clearly demonstrates the injustice of the *Lofton* rule. Appellant's motion for new trial was initially overruled and direct appeal was commenced. Appellate counsel (who did not represent appellant at trial or for purposes of post-trial motions) moved to abate the appeal when the trial judge agreed to rehear the motion for new trial. The trial judge then granted the new trial on the basis of ineffective assistance of counsel. Appellant now finds himself with no avenue to question the sufficiency of the evidence. If the trial judge had erroneously denied the motion for new trial, appellant would have had a right to complete appellate review. Certainly, such result is contrary to fairness and common sense. If the evidence was insufficient at appellant's first trial, he should not be subject to the retrial. The *Lofton* rule precludes our even reviewing the evidence to determine its sufficiency. We should have that opportunity, and the appellant should have that right.

4. Alternatively, appellant claims that article one, section fourteen of the Texas Constitution permits a defendant to challenge the sufficiency of the evidence via a pre-trial writ of habeas corpus when his or her motion for new trial is granted on trial error. However, appellant did not present his state constitutional argument to the Court of Appeals, and by raising it for the first time in this Court, we are not presented with a decision of the Court of Appeals to review. *See* Tex. R.App.P. 200(a).

   Additionally, because appellant does not proffer any argument as to the protection afforded by the state constitution or how that protection differs from the federal constitution, appellant's state constitutional argument is not properly presented for our review, and we will not advance those claims for him. *Robinson v. State,* 851 S.W.2d 216, 232 n. 1 (Tex.Crim.App.1993) (op. on reh'g); *Muniz v. State,* 851 S.W.2d 238, 251–52 (Tex.Crim.App.1993); *Johnson v. State,* 853 S.W.2d 527, 533 (Tex.Crim.App.1992); *Narvaiz v. State,* 840 S.W.2d 415, 432 (Tex.Crim.App. 1992); *see also* Tex.R.App.P. 203(c) & 74(f).

BAIRD, Judge, dissenting to denial of appellant's motion for rehearing.

On original submission, a majority of this Court held the sufficiency of the evidence may not be challenged by pretrial writ of habeas corpus following the granting of a motion for a new trial on non-sufficiency grounds. *Ex parte Queen*, 877 S.W.2d 752 (Tex.Cr.App.1994). Accordingly, appellant's retrial was not jeopardy barred regardless of the sufficiency of the evidence at his first trial. *Id.*, 877 S.W.2d at 754, 755. Because the opinion on original submission was based on *Lofton v. State*, 777 S.W.2d 96 (Tex.Cr. App.1989), a case I believe to have been wrongly decided, I respectfully dissent to the denial of appellant's motion for rehearing.

## I.

### A.

The opinion on original submission demonstrates a confusion with the labyrinthine jurisprudence underpinning the Constitutional prohibition against double jeopardy. The Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb ..." U.S. Const., art. V. Consequently, "a State may not put a defendant in jeopardy twice for the same offense." *Arizona v. Washington*, 434 U.S. 497, 503, 98 S.Ct. 824, 829, 54 L.Ed.2d 717 (1978) (citing *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)).[1] This Constitutional prohibition against double jeopardy finds it basis in the common law and exists because

the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187–188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). In *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971), the Supreme Court further explained:

The Fifth Amendment's prohibition against placing a defendant "twice in jeopardy" represents a constitutional policy of finality for the defendant's benefit in ... criminal proceedings. A power in government to subject the individual to repeated prosecutions for the same offense would cut deeply into the framework of procedural protections which the Constitution establishes for the conduct of a criminal trial. And society's awareness of the heavy personal strain which a criminal trial represents for the individual defendant is manifested in the willingness to limit the Government to a single criminal proceeding to vindicate its very vital interest in enforcement of criminal laws.

Jeopardy attaches when the jury is impaneled and sworn, *Crist v. Bretz*, 437 U.S. 28, 35–36, 98 S.Ct. 2156, 2160–61, 57 L.Ed.2d 24 (1978); *Downum v. United States*, 372 U.S. 734, 735–736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100 (1963), *and*, *McElwee v. State*, 589 S.W.2d 455, 457 (Tex.Cr.App.1979), and continues until a verdict has been reached. *Washington*, 434 U.S. at 505, 98 S.Ct. at 830; *Green*, 355 U.S. at 188, 78 S.Ct. at 223–224. As a general rule, the prohibition against double jeopardy will prevent a retrial following a conviction,[2] *Washington*, 434 U.S. at 505, 98 S.Ct. at 830, even if that conviction is later reversed for insufficient evidence. *Burks v. United States*, 437 U.S. 1, 18–19, 98 S.Ct. 2141, 2150–2151, 57 L.Ed.2d 1 (1978).[3]

---

1. In *Benton v. Maryland*, 395 U.S. 784, 794–795, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), the Supreme Court held the Double Jeopardy Clause of the Fifth Amendment was applicable to the States through the Fourteenth Amendment. *See also*, *State v. Torres*, 805 S.W.2d 418, 420 (Tex. Cr.App.1991).

2. An acquittal will *always* terminate jeopardy and prevent retrial. *Washington*, 434 U.S. at 503, 98 S.Ct. at 829.

3. However, jeopardy does not bar a retrial when the conviction is reversed for trial error. *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988); *North Carolina v. Pearce*, 395 U.S. 711, 720, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969); *United States v. Tateo*,

## B.

Burks was convicted of armed robbery and filed a motion for a new trial alleging insufficiency of the evidence. *Id.,* 437 U.S. at 3, 98 S.Ct. at 2143. The trial judge denied the motion and Burks appealed. The Court of Appeals found the evidence insufficient and reversed the conviction with instructions for the trial judge to balance the "equities" between entering a directed verdict of acquittal or granting a new trial. *Burks,* 437 U.S. at 4, 98 S.Ct. at 2143.

The United States Supreme Court reviewed the Court of Appeals' decision and distinguished reversals resulting from trial error and reversals because the evidence was insufficient. Retrial following a reversal for trial error does *not* violate the prohibition against double jeopardy because trial errors are unrelated to the actual guilt or innocence of the defendant. Instead, a reversal for trial error relates to defects in the judicial process, such as the improper admission of evidence. *Burks,* 437 U.S. at 15–16, 98 U.S. at 2149. Consequently, the retrial furthers the interest of both the defendant and society in promoting the fair administration of the judicial process.

However, retrial following a reversal for insufficient evidence relates directly to the defendant's guilt or innocence. A ruling that the evidence is insufficient "means that the government's case was so lacking that it should not have even been *submitted* to the jury." *Burks,* 437 U.S. at 16, 98 S.Ct. at 2149–2150 (emphasis in original). Thus, a finding of insufficient evidence is the functional equivalent of an acquittal and retrial is jeopardy barred. The Court concluded:

> *In our view it makes no difference that a defendant has sought a new trial as one of his remedies, or even as the sole remedy. It cannot be meaningfully said that a person "waives" his right to a judgment of acquittal by moving for a new trial....* Since we hold today that the Double Jeop-

377 U.S. 463, 465, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448 (1964), *and, United States v. Ball,* 163 U.S. 662, 671–672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896).

4. All emphasis is supplied unless otherwise indicated.

ardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient, the only "just" remedy available for that court is the direction of a judgment of acquittal. *To the extent that our prior decisions suggest that by moving for a new trial, a defendant waives his right to a judgment of acquittal on the basis of evidentiary insufficiency, those cases are overruled.*[4]

*Burks,* 437 U.S. at 17–18, 98 S.Ct. at 2150–2151.

## II.

### A.

In the instant case, appellant filed a motion for new trial alleging insufficient evidence and ineffective assistance of counsel. Although the *Burks* Court explicitly held that a defendant who files a motion for new trial does *not* waive his right to challenge the sufficiency of the evidence, *Burks,* 437 U.S. at 17–18, 98 S.Ct. at 2150–2151, a majority of this Court, on original submission, held just the opposite. *Queen,* 877 S.W.2d at 755. The majority relied on *Lofton,* 777 S.W.2d 96, to support its holding. However, that reliance was misplaced because *Lofton* was wrongly decided.

Following his conviction by a jury and subsequent grant of a new trial on unspecified grounds,[5] Lofton sought a pre-trial writ of habeas corpus to bar his retrial on the basis of double jeopardy arising from insufficient evidence in his first trial. The trial judge denied relief and the Court of Appeals affirmed. While acknowledging Lofton's claim was cognizable by a habeas court, we explained:

> The principle reason applicant is not entitled to relief is that under the facts of this cause he is not being threatened with exposure to "double" jeopardy. Although it attached in the first trial, jeopardy was not terminated by an acquittal or convic-

5. Lofton apparently urged both newly discovered evidence and insufficient evidence in his motion for new trial. While the record is unclear, it appears that Lofton's motion for new trial was granted on the basis of newly discovered evidence. *Lofton,* 777 S.W.2d at 96.

tion. After hearing, the trial judge did not order an acquittal for insufficient evidence; rather, the court set aside the verdict and vacated its judgment by granting a new trial on motion of applicant, thereby restoring the case "to its position before the former trial," Tex.R.App.P. 32. Therefore, as with a new trial after a mistrial, initial jeopardy continues.... *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).

*Lofton,* 777 S.W.2d at 97.

### B.

The *Lofton* Court relied on *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). However, that reliance was sorely misplaced because *Richardson* involved a mistrial after the jury was unable to reach a verdict. *Richardson,* 468 U.S. at 318, 104 S.Ct. at 3082. After the mistrial, Richardson contended retrial would violate the prohibition against double jeopardy because the evidence at the first trial was insufficient. In support of his contention Richardson cited *Burks,* 437 U.S. 1, 98 S.Ct. 2141. However, the *Richardson* Court declined to follow *Burks* and, instead, distinguished the two cases: *viz, Burks* concerned a challenge to the sufficiency of the evidence following *conviction* while *Richardson* concerned a challenge to the sufficiency of the evidence following a *mistrial.* A mistrial following a jury's inability to reach a verdict is justified based upon manifest necessity, and, therefore, retrial is not jeopardy barred.[6] *Richardson,* 468 U.S. at 323–324, 104 S.Ct. at 3085 (citing *Arizona v. Washington,* 434 U.S. at 509, 98 S.Ct. at 832); *Logan v. United States,* 144 U.S. 263, 297–298, 12 S.Ct. 617, 628, 36 L.Ed. 429 (1892), *and, United States v. Perez,* 22 U.S. (9 Wheat.)

579, 580, 6 L.Ed. 165 (1824). Concluding Richardson could not challenge the sufficiency of the evidence, the Court stated:

We think that the principles governing our decision in *Burks,* and the principles governing our decisions in the hung jury cases, are readily reconciled when we recognize that the protections of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy.... Since jeopardy attached here when the jury was sworn ... petitioner's argument necessarily assumes that the judicial declaration of a mistrial was an event which terminated jeopardy in his case and which allowed him to assert a valid claim of double jeopardy.

But this proposition is irreconcilable with cases such as *Perez* and *Logan,* and we hold on the authority of these cases that the failure of the jury to reach a verdict is not an event which terminates jeopardy. Our holding in *Burks* established only that an appellate court's finding of insufficient evidence to convict on appeal from a judgment of conviction is for double jeopardy purposes, the equivalent of an acquittal; it obviously did not establish, consistently with such cases as Perez, that a hung jury is the equivalent of an acquittal.

*Richardson,* 468 U.S. at 325, 104 S.Ct. at 3086 (footnote omitted).

### C.

It is readily apparent that *Lofton* and *Richardson* implicate different rules of double jeopardy. *Richardson,* which concerned a *mistrial* resulting from a hung jury, was governed by the manifest necessity exception

---

6. As a general rule, a retrial following a mistrial without the defendant's consent is jeopardy barred. *Green,* 355 U.S. at 188, 78 S.Ct. at 244 (citing *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974), *and, Alvarez v. State,* 864 S.W.2d 64, 65 (Tex.Cr.App.1993). However, if the mistrial was based on "manifest necessity," retrial will not be jeopardy barred. *Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982), *and, State v. Torres,* 805 S.W.2d 418, 422 (Tex.Cr.App.1991).

The Supreme Court has long held that a mistrial resulting from a hung jury falls within the manifest necessity exception to the prohibition against double jeopardy. *Perez, supra, and, Logan, supra.* The policy supporting this exception is rooted in society's interest in permitting the State to complete a prosecution against alleged violators where "unforeseeable circumstances that arise during a trial [make] its completion impossible, such as the failure of a jury to agree on a verdict." *Richardson,* 468 U.S. at 324–325, 104 S.Ct. at 3085–3086 (quoting *Wade v. Hunter,* 336 U.S. 684, 688–689, 69 S.Ct. 834, 836–837, 93 L.Ed. 974 (1949)).

to the prohibition against double jeopardy. By contrast, *Lofton,* which concerned a challenge to the sufficiency of the evidence following a *conviction*[7] and the granting of a new trial should have been controlled by *Burks*[8]. Consequently, our decision in *Lofton* was erroneous and should be overruled.

## III.

On original submission, the majority held "a motion for new trial must be granted on insufficiency of the evidence before questions of jeopardy and sufficiency can be reviewed on appeal via a pre-trial writ of habeas corpus." *Queen,* 877 S.W.2d at 755. This holding is inexplicable in light of *Burks;* the granting of a motion for new trial is *not* a prerequisite for challenging the sufficiency of the evidence following a conviction. *Burks,* 437 U.S. at 17–18, 98 S.Ct. at 2150–2151.[9] Retrial is automatically jeopardy barred when a motion for new trial has been granted on insufficiency grounds. *Hudson v. Louisiana,* 450 U.S. 40, 42–43, 101 S.Ct. 970, 972, 67 L.Ed.2d 30 (1981). Consequently, a defendant need never pursue a pre-trial writ of habeas corpus following a finding of insufficient evidence. On the other hand, where a motion for new trial has been granted on non-sufficiency grounds, a pre-trial writ of habeas corpus is the *only* vehicle for preserving the defendant's right against double jeopardy in the face of a retrial on insufficient evidence. *See, Apolinar v. State,* 820 S.W.2d 792, 794 (Tex.Cr.App.1991), *Ex parte Rathmell,* 717 S.W.2d 33, 34 (Tex.Cr.App.1986), *and, Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Cr.App.1982).

---

**7.** In deciding *Lofton,* we erroneously stated: "the principle reason [Lofton] is not entitled to relief ... is that jeopardy was not terminated by an acquittal or conviction." *Id.,* 777 S.W.2d at 97. However, it is clear from the Court of Appeals' opinion that Lofton had been *convicted. Lfton v. State,* 765 S.W.2d 495, 496 (Tex.App.—Houston [14th Dist] 1989). Moreover, we took no issue with the accuracy of the procedural facts traced by the Court of Appeals. *Lofton,* 777 S.W.2d at 96.

**8.** Despite the similar procedural facts in *Burks,* and *Lofton,* e.g. following conviction, both filed motions for a new trial alleging insufficiency of the evidence, in *Lofton,* this Court inexplicably distinguished *Burks,* stating:

Consequently, I would grant appellant's motion for rehearing and remand this case to the Court of Appeals to consider appellant's challenge to the sufficiency of the evidence. Because the majority fails to do so, I respectfully dissent.

MILLER, J., joins in this dissenting opinion.

*Burks v. United States* ... is inapposite here; it did not lay down some overriding principle of double jeopardy law that was applicable across the board to situations totally different from the facts out of which it arose [and] did not extend beyond the procedural setting in which it arose.

*Lofton,* 777 S.W.2d at 97–98 (citation and internal quotations omitted).

**9.** On original submission, the majority failed to mention *Burks* and, therefore, fails to address the double jeopardy principles expressed therein. Nonetheless, it is clear in light of the discussion above that the holding on original submission cannot be reconciled with *Burks.*