COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-364-CV

 

 

IN RE THE OFFICE OF THE ATTORNEY GENERAL OF
TEXAS

                                                                                                        

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  INTRODUCTION

Relator The Office of the
Attorney General of Texas seeks mandamus relief from the district court=s dismissal, on double jeopardy grounds, of the OAG=s appeal of the associate judge=s order in a child support enforcement action.  We hold that the dismissal was an abuse of
discretion because the associate judge=s order was not a final order, so the original jeopardy was never
terminated.  We conditionally grant the
petition for writ of mandamus.

 








II.  BACKGROUND

The OAG filed a motion for
enforcement against real party in interest James McClendon seeking unpaid child
support and requesting the court to hold McClendon in contempt.  This motion for enforcement was referred to
an associate judge, who signed an order that granted a $42,248.24 arrearage
judgment against McClendon but did not mention the OAG=s request to hold McClendon in contempt.  The order is signed by the associate judge
only, who apparently attempted to issue a final order because he crossed out
the paragraph titled AAssociate
Judge=s Report@ on the
final page of the order.  He also put his
signature on the AOrder
Adopting Associate Judge=s Report@ signature block intended for the district court and crossed out the
words AAdopting Associate Judge=s Report.@  The signature line for this block read, AJudge Presiding@; in front
of these words he added AAssociate@ and signed his name.








The OAG appealed this order
to the district court, complaining that the associate judge failed to find
McClendon in contempt.  McClendon
responded, in part, by asserting that the contempt issue had already been tried
by the associate judge, and to retry him would place him in double jeopardy and
violate his rights under the United States and Texas Constitutions.  The district court, stating that it Asustained@ McClendon=s affirmative defense of double jeopardy, affirmed the associate judge=s order and dismissed the appeal. 
The OAG now seeks mandamus relief from the district court=s order dismissing its appeal.

III.  LAW AND APPLICATION TO FACTS

Mandamus relief is proper
only to correct a clear abuse of discretion when there is no adequate remedy by
appeal.  In re Prudential Ins. Co. of
Am., 148 S.W.3d 124, 135S36 (Tex. 2004) (orig. proceeding). 
A trial court clearly abuses its discretion when it reaches a decision
so arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). 
Thus, a clear failure by the trial court to analyze or apply the law
correctly will constitute an abuse of discretion and may result in
mandamus.  Id. at 840.








McClendon argues that the OAG
had an adequate remedy by appeal because the district court=s order was a final order that disposed of all issues before the
court.  However, an order finding a party
not in contempt is not a final, appealable judgment, and an appellate court has
no jurisdiction over such an order.  Norman
v. Norman, 692 S.W.2d 655, 655 (Tex. 1985). 
ADecisions in contempt proceedings cannot be reviewed on appeal because
contempt orders are not appealable, even when appealed along with a judgment
that is appealable.@  Cadle Co. v. Lobingier,
50 S.W.3d 662, 671 (Tex. App.CFort Worth 2001, pet. denied); see also In re B.A.C.,
144 S.W.3d 8, 10S12 (Tex.
App.CWaco 2004, no pet.) (listing cases). 
The
reason that only a portion of the district court=s seemingly final order
is appealable becomes clear when considered in the light of the purposes of
contempt proceedings as opposed to final judgments.  

A final, appealable judgment
is one that actually disposes of all claims and parties then before the court.  Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 192 (Tex. 2001).  A contempt order, on the other hand, protects
the status of the court itself; the power to punish for contempt is an
essential element of judicial independence and authority that enables courts to
persuade parties to obey an order of the court so that the order will not be
rendered ineffectual by recalcitrant litigants. 
See Ex parte Pryor, 800 S.W.2d 511, 512 (Tex. 1990).  A[T]he underlying concern that gave rise to the contempt power was not
. . . merely the disruption of court proceedings.  Rather, it was disobedience to the orders of
the Judiciary, regardless of whether such disobedience interfered with the
conduct of trial.@  Chambers v. NASCO, Inc., 501 U.S. 32,
44, 111 S. Ct. 2123, 2132 (1991) (quoting Young v. United States ex rel.
Vuitton et Fils S.A., 481 U.S. 787, 798, 107 S. Ct. 2124, 2132
(1987)).  








Consequently, contempt
proceedings are not concerned with disposing of all claims and parties before
the court, as are judgments; instead, contempt proceedings involve a court=s enforcement of its own orders, regardless of the status of the
claims between the parties before it.  A
contempt judgment may be attacked by a petition for writ of habeas corpus (if
the contemnor is confined) or a petition for writ of mandamus (if no
confinement is involved), see Cadle, 50 S.W.3d at 671; however, because
a contempt order is not a final judgment, a remedy by appeal does not lie.  See Lehmann, 39 S.W.3d at 195 (stating
general rule that, with a few mostly statutory exceptions, an appeal may be
taken only from a final judgment). 
Neither does an appeal lie from a court=s rejection of a request to exercise its inherent power to hold a
party in contempt.  See Norman,
692 S.W.2d at 655; Cadle, 50 S.W.3d at 671.

Accordingly, although the
portion of the district court=s order affirming the associate judge=s arrearage judgment may be appealable, the district court=s ruling that the OAG=s contempt request is jeopardy-barred is not appealable.  Therefore, mandamus relief is available in
this case.  See Prudential, 148
S.W.3d at 135S36.








Turning to the double
jeopardy issue, we recognize that the double jeopardy clause of the United
States Constitution provides that no person shall be subjected to twice having
life or limb in jeopardy for the same offense. 
U.S. Const. amend. V.  Thus, this constitutional provision bars a
second prosecution for the same offense after acquittal.  Brown v. Ohio, 432 U.S. 161, 165, 97
S. Ct. 2221, 2225 (1977); Ex parte Herron, 790 S.W.2d 623, 624 (Tex.
Crim. App. 1990) (op. on reh=g).   But without a final
judgment (i.e., a conviction or acquittal), a defendant remains under the
initial jeopardy, so a retrial for the same offense is not double
jeopardy.  See Ex parte Queen, 877
S.W.2d 752, 754 (Tex. Crim. App. 1994), cert. denied, 513 U.S. 1115
(1995).  The OAG argues that the
associate judge=s order was
not a Ajeopardy terminating event@ because it never became final. 
Accordingly, the district court=s review of the associate judge=s order was not a Asecond prosecution@ for double jeopardy purposes.  








An order of an associate
judge presiding over a Title IV-D case[1]
becomes an order of the referring court by operation of law without need for
ratification by the referring court.  Tex. Fam. Code Ann. ' 201.1041(a) (Vernon Supp. 2006). 
However, the order automatically becomes final only if an appeal is not
filed within three days of the associate judge=s ruling.  See id. '' 201.015(a) (Vernon 2002); 201.1041(a).  The ruling of an associate judge serving as a
child support master is initially a proposed order, Anot a final order upon signing. 
It cannot become a final order of the court unless neither party appeals
the master=s findings.@  In re G.S.G., 145
S.W.3d 351, 354 (Tex. App.CHouston [14th Dist.] 2004, no pet.); cf. Phagan v. Aleman, 29
S.W.3d 632, 634S35 (Tex.
App.CHouston [1st Dist.] 2000, no pet.) (op. on reh=g) (holding that, in the context of a restricted appeal, once a timely
notice of appeal of the child support master=s recommendation is filed with the trial judge, the hearing that
resulted in the judgment occurred when the trial court adopted the
recommendation of the associate judge).

Here, the OAG did file its
notice of appeal within three days of the associate judge=s order.  Accordingly, the
associate judge=s order was
not final.  Without a final order, the
double jeopardy prohibition did not come into play because McClendon remained
under the initial jeopardy.  See Queen,
877 S.W.2d at 754.[2]  Accordingly, the doctrine of double jeopardy
did not bar the district court=s review of the order, and the trial court abused its discretion by
concluding otherwise.  See Walker,
827 S.W.2d at 840.

 

 








We conditionally grant the
writ of mandamus and direct the district court to vacate that portion of its
July 13, 2006 order dismissing the OAG=s appeal of the associate judge=s order on the grounds of double jeopardy and to proceed with the OAG=s appeal.  A writ will issue
only if the court fails to do so.

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DELIVERED:  January 25, 2007











[1]A Title IV-D case is an action in
which services are provided by the Title IV‑D agency under Part D, Title
IV, of the federal Social Security Act, relating to, among other things, the
establishment, modification, or enforcement of a child support obligation.  Tex.
Fam. Code Ann. ' 101.034 (Vernon 2002).





[2]In a similar context, the appellate
court held that double jeopardy principles were not violated when the State
appealed an associate judge=s juvenile delinquency sentencing recommendation to the
district court.  See In re D.G.,
No. 05-01-00208-CV, 2002 WL 338875, at *1 (Tex. App.CDallas March 5, 2002, pet. denied)
(mem. op.) (not designated for publication).  Because the district court was free to
adopt, modify, or reject the associate judge=s recommendation, the associate judge=s recommendation was not a final
judgment against the defendant.  See
id.