**Opinion issued June 20, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00656-CR

———————————

**ARTHUR LEE JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1331423**

## MEMORANDUM OPINION

In 2009, a jury convicted Arthur Lee Jackson of murder and assessed punishment at twenty years' confinement. After the verdict, Jackson learned that the State had withheld potentially exculpatory evidence—photographs and video of a bloodspot at the scene of the murder that the State had linked to Jackson with

DNA evidence. He moved for a new trial based on *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). The trial court granted Jackson's motion for new trial. Jackson subsequently filed a pretrial writ of habeas corpus, contending that a second trial for the same offense violates his rights under the United States and Texas Constitutions. The trial court denied relief. Jackson appeals, contending that a second trial is barred by double jeopardy and violates his right to effective assistance of counsel, due process, and due course of law. Finding no error, we affirm.

## Discussion

### *Standard of Review*

We review the denial of a writ of habeas corpus for an abuse of discretion, viewing the facts in the light most favorable to the trial court's ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

### *Double Jeopardy*

The Double Jeopardy Clauses of the United States and Texas Constitutions prohibit subsequent prosecution for the same offense after acquittal or final conviction. *See State v. Lee*, 15 S.W.3d 921, 928 (Tex. Crim. App. 2000); *see also* U.S. CONST. amend. V; TEX. CONST. art. I, § 14. Double jeopardy does not bar the State from seeking a retrial of an accused whose conviction for the same offense has been set aside, unless the conviction was set aside due to insufficient evidence.

*Ex parte Queen*, 877 S.W.2d 752, 755 (Tex. Crim. App. 1994). By granting a motion for new trial, setting aside the verdict, and vacating its judgment, a trial court restores the case to its position before the earlier trial, and the initial jeopardy continues. *See Lofton v. State*, 777 S.W.2d 96, 97 (Tex. Crim. App. 1989).

The trial court granted Jackson's motion for new trial, because the prosecutor had failed to disclose *Brady* evidence, and not due to insufficient evidence. *See Queen*, 877 S.W.2d at 755. Because the trial court has restored the case to its position before the former trial, jeopardy continues. *See Lofton*, 777 S.W.2d at 97.

Jackson responds that setting aside the verdict due to prosecutorial misconduct post-trial is comparable to a prosecutor inducing a mistrial before the verdict to avoid acquittal of the defendant. *See Oregon v. Kennedy*, 456 U.S. 667, 102 S. Ct. 2083 (1982). Double jeopardy bars a retrial if the prosecutor, through his intentional or reckless misconduct, induces the defense to move for a mistrial to avoid an acquittal. *Kennedy*, 456 U.S. at 676, 102 S. Ct. 2083; *Ex parte Mitchell*, 977 S.W.2d 575, 580 (Tex. Crim. App. 1997); *Bauder v. State*, 921 S.W.2d 696 (Tex. Crim. App. 1996).

We reject Jackson's comparison to cases in which the prosecution engaged in conduct intended to draw a mistrial to avoid an acquittal. Double jeopardy does not bar a retrial if a trial proceeds to conclusion, resulting in a conviction, and the

3

conviction is later set aside due to procedural error and not a lack of evidence—whether on appeal or by the trial court's granting of a new trial. *Ex parte Davis*, 957 S.W.2d 9, 15 (Tex. Crim. App. 1997) (holding that jeopardy does not apply to bar a retrial where defendant's conviction is reversed on appeal due to prosecutorial misconduct); *Ex parte Legrand*, 291 S.W.3d 31, 40–41 (Tex. App.—Houston [14th Dist.] 2009, pet ref'd) (holding that jeopardy does not apply to bar retrial where defendant's motion for new trial is granted due to prosecutorial misconduct).

In *Legrand*, the Fourteenth Court of Appeals held that the concerns expressed in *Kennedy* about mistrials induced by the prosecution to avoid acquittal—deprivation of the option to go to the first jury and potentially end the dispute with an acquittal—are not present when the case is brought to conclusion and the jury renders a verdict. *Legrand*, 291 S.W.3d at 40–41.

Similarly, in this case, the State's misconduct in failing to disclose *Brady* evidence caused the trial court to set aside the verdict. *See Legrand*, 291 S.W.3d at 40–41. The State did not induce a mistrial to avoid an acquittal. *See Davis*, 957 S.W.2d at 14–15. Instead, Jackson's trial proceeded to a jury verdict, which could have ended the dispute with an acquittal. *See Legrand*, 291 S.W.3d at 41. Following *Davis* and *Legrand*, we hold that double jeopardy does not bar a retrial. *See Davis*, 957 S.W.2d at 15; *Legrand*, 291 S.W.3d at 41.

*Due Process, Due Course of Law, and Right to Counsel*

The state's failure to disclose evidence material to Jackson's guilt or punishment is a due process violation under *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196–97. If the defendant's due process rights have been violated, we examine the record to identify any prejudice caused by the violation or adverse effect upon the effectiveness of counsel's representation; courts must tailor relief to appropriately neutralize it. *United States v. Morrison*, 449 U.S. 361, 364, 101 S. Ct. 665, 667–68 (1981); *Cook v. State*, 940 S.W.2d 623, 627 (Tex. Crim. App. 1996). A new trial generally remedies the State's withholding of *Brady* evidence in a prior trial, because the defendant may investigate and develop other potential defenses based on the excluded evidence in the second trial. *See Mitchell*, 977 S.W.2d at 578; *Cook*, 940 S.W.2d at 627–28.

Jackson was unable to examine the *Brady* evidence that the prosecution withheld before the first trial, or to consult with an expert about its impact on his defensive strategy. But Jackson may now hire an expert and examine the previously excluded evidence, eliminating any prejudice caused by its previous unavailability. *See Cook*, 940 S.W.2d at 628. Jackson also notes that he testified during the trial in reliance on the then-existing state of the evidence. During a second trial, Jackson may refuse to testify, and the trial court must fashion a remedy limiting harm relating to the defendant's decision to waive his Fifth

Amendment right and testify in the first trial. *See Sweeten v. State*, 693 S.W.2d 454, 457 (Tex. Crim. App. 1985) (en banc) (quoting *Harrison v. United States*, 392 U.S. 219, 223, 88 S. Ct. 2008 (1968)) (holding that to admit defendant's testimony in previous trial for same offense in which defendant's rights were violated, State must show that its illegal action did not impel that testimony).

Relying on *State v. Frye*, Jackson further contends that the State's knowledge of his defenses, gained through its misconduct, violates his right to due process and due course of law, and precludes his counsel from providing effective assistance in a subsequent trial. 897 S.W.2d 324 (Tex. Crim. App. 1995). In *Frye*, the prosecution violated the defendant's right to counsel by contacting the defendant directly, even though the prosecution knew the defendant was represented by counsel. *See id.* at 326. The prosecutor then questioned the defendant about the case against him. *See id.* During the defendant's conversations with the prosecution, the defendant revealed his defensive evidence and strategies. *Id.* at 331. The Court of Criminal Appeals held that the prosecutor had violated the defendant's Sixth Amendment right to counsel by contacting him without his counsel present. *Id.* The Court further concluded that dismissal of the indictment was the only remedy that would "insure the reverence of [the defendant's] Sixth Amendment right to counsel," given the nature and extent of the information the defendant had conveyed to the prosecutor. *Id.*

In contrast, Jackson presented his case in the first trial with the advice of counsel. His defensive strategy was not revealed through a violation of his Sixth Amendment right to counsel, as in *Frye*, but in open court. *See Frye*, 897 S.W.2d at 326. In every case for which a new trial is granted, whether after reversal on appeal or the granting of a motion for new trial, the prosecution is aware of the defendant's strategy and evidence in the earlier trial. *See, e.g.*, *Mitchell*, 977 S.W.2d at 578. Jackson points to no specific harm that will occur in his retrial due to the disclosure of strategy in the first trial, and the trial court is in the best position to ameliorate any specific harm that occurs due to that disclosure. We thus conclude that the State's knowledge gained in the previous trial, in which counsel represented Jackson, does not unduly prejudice him so as to prevent a new trial from going forward.

## Conclusion

We hold that the trial court properly concluded pre-trial that a second trial is not barred by double jeopardy, and that the defendant has shown no harm irreparable by a new trial. Accordingly, we affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.
Do not publish. TEX. R. APP. P. 47.2(b).