**UNITED STATES of America, Plaintiff-Appellant and Cross-Appellee,**

v.

**Paul D. WOOD, Defendant-Appellee and Cross-Appellant.**

**No. 91–2007.**
**Related Nos. 90–2184, 91–2008.**

United States Court of Appeals, Tenth Circuit.

Nov. 20, 1991.

Patty Merkamp Stemler, U.S. Dept. of Justice, Appellate Section, Crim. Div., Washington D.C., for plaintiff cross-appellee.

Wallace Kleindienst, Sp. Asst. U.S. Atty., Phoenix, Ariz. (William Lutz, U.S. Atty., Albuquerque, N.M., with him, on the brief) for plaintiff-appellant on related appeal no. 90–2184.

Linda A. Akers, U.S. Atty., Phoenix, Ariz. (William Lutz, U.S. Atty., Albuquerque, N.M., and Wallace Kleindienst, Sp. Asst. U.S. Atty., Phoenix, Ariz., with her, on the brief) for plaintiff-appellant on related appeal no. 91–2008.

David L. Norvell, Albuquerque, N.M., for defendant cross-appellant and appellee in related appeals.

Before McWILLIAMS, BALDOCK and EBEL, Circuit Judges.

PER CURIAM.

Defendant was indicted on two counts relating to statements he made to F.B.I. agents. Count one charged defendant with false statements, 18 U.S.C. § 1001, and count two charged defendant with obstruction of justice. 18 U.S.C. § 1503. At the close of the government's case, the district court dismissed count two for failure to state an offense. The government's appeal of the dismissal of count two is the subject of a related appeal (no. 90–2184). The jury found defendant guilty on count one. Subsequently, defendant moved for a judgment of acquittal due to insufficient evidence and for a new trial due to the jury's exposure to extraneous material during its deliberations. The district court denied defendant's motion for a judgment of acquittal and granted defendant's motion for a new trial. The government's appeal of the district court's order granting defendant a new trial is also the subject of a related appeal (no. 91–2008). Defendant's appeal from the district court's order denying his motion for a judgment of acquittal (no. 91–2007) has been designated as a cross-ap-

peal. *See* Fed.R.App.P. 28(h). In his cross-appeal, defendant contends that there was insufficient evidence for the jury to convict, and that because the special verdict was based on only one of six false statements alleged in the count, the Double Jeopardy Clause precludes his retrial on the remaining five false statements. The government moves to dismiss the cross-appeal for lack of jurisdiction.[1] 10th Cir.R. 27.2.1.

"The courts of appeals ... have jurisdiction of appeals from all *final decisions* of the district courts of the United States...." 28 U.S.C. § 1291 (emphasis added). The policies underlying the jurisdictional prerequisite of a final decision "reflect a determination that, on balance, postponing appeal until a final judgment is reached both conserves judicial resources and protects the interests of the litigants in a fair and accessible process." 3 Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure*, § 26.2, at 184 (1984). "The purpose of the finality requirement is to avoid piecemeal disposition of the basic controversy in a single case 'where the result of review will be to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation....'" *Stack v. Boyle*, 342 U.S. 1, 12, 72 S.Ct. 1, 7, 96 L.Ed. 3 (1951) (quoting *Cobbledick v. United States*, 309 U.S. 323, 326, 60 S.Ct. 540, 542, 84 L.Ed. 783 (1940)). "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the

delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" *Abney v. United States*, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977) (quoting *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962)). *See also Cobbledick*, 309 U.S. at 325, 60 S.Ct. at 541.

Generally, "[i]n criminal cases ... the judgment is final for the purpose of appeal when it terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined." *Berman v. United States*, 302 U.S. 211, 212–13, 58 S.Ct. 164, 165–66, 82 L.Ed. 204 (1937) (internal quotations and citations omitted). *See also Flanagan v. United States*, 465 U.S. 259, 263, 104 S.Ct. 1051, 1053, 79 L.Ed.2d 288 (1984); *Parr v. United States*, 351 U.S. 513, 518, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956); *United States v. Thompson*, 814 F.2d 1472, 1474 (10th Cir.), *cert. denied*, 484 U.S. 830, 108 S.Ct. 101, 98 L.Ed.2d 61 (1987). However, 28 U.S.C. § 1291 does not limit our jurisdiction to "those final judgments which terminate an action." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). "[I]t is a final *decision* that Congress has made reviewable. While a final judgment is always a final decision, there are instances in which a final decision is not a final judgment." *Stack*, 342 U.S. at 12, 72 S.Ct. at 7.

---

**1.** To date, briefs on the merits of defendant's cross-appeal have not been filed by the parties. On December 27, 1990, defendant filed a notice of appeal of the order denying his motion for judgment of acquittal on count one. On March 4, 1991, the clerk received, but did not file, defendant's brief on his cross-appeal. On March 15, 1991, defendant filed a motion to strike his brief on the ground that the government, as appellant and cross-appellee, was required to file the initial brief. On April 2, 1991, the government filed the present motion to dismiss the cross-appeal as interlocutory. By order of the clerk dated April 5, 1991, the government's motion to dismiss the cross-appeal was referred to the merits panel, and defendant was given 15 days to respond to the government's motion with which he complied. Additionally, this same order set out a briefing schedule

premised on defendant having already filed his brief in his cross-appeal. By order of a motions panel dated April 9, 1991, defendant's motion to strike his brief was granted thereby leaving nothing to which the government could answer as required by the April 5 order. The parties subsequently filed briefs on the merits of the government's appeal of the new trial order (no. 91–2008) but never filed briefs on the merits in defendant's cross-appeal (no. 91–2007). In light of the apparent confusion created by the April 5 order and 10th Cir.R. 27.2.3 which "tolls the briefing schedule" upon the filing of a motion to dismiss, we do not deem defendant to have waived the issues in the cross-appeal due to his failure to brief the merits at this stage in the proceedings. Be that as it may, we do not fully understand why defendant did not follow the court's order on the briefing schedule.

 Certain collateral orders in criminal cases will be considered final decisions for the purpose of conferring appellate jurisdiction. *See Richardson v. United States,* 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984) (order denying motion for a judgment of acquittal and to bar subsequent prosecution on double jeopardy grounds); *Abney,* 431 U.S. at 662, 97 S.Ct. at 2041 (order denying motion to dismiss on double jeopardy grounds); *Stack,* 342 U.S. at 6, 72 S.Ct. at 6 (order denying motion to reduce bail). The collateral order doctrine permits an interlocutory appeal of an order that conclusively determines a disputed issue, is collateral to the merits of the case, and is effectively unreviewable on appeal from a final judgment. *Abney,* 431 U.S. at 658, 97 S.Ct. at 2039. *See also Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225.

 Applying the collateral order doctrine's three-part test to defendant's issues on cross-appeal as indicated by his response to the present motion, we hold that the district court's denial of defendant's motion for a judgment of acquittal is a final decision within the meaning of 28 U.S.C. § 1291. First, the district court's denial of defendant's motion "constitut[ed] a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim." *Abney,* 431 U.S. at 659, 97 S.Ct. at 2040. Second, double jeopardy claims, by their "very nature ... [are] collateral to, and separable from, the principal issue ... [of] whether or not the accused is guilty of the offense charged." *Id.* "While consideration of [defendant's] double jeopardy claim would require the appellate court to canvass the sufficiency of the evidence at the first trial, this fact alone does not prevent the District Court's order denying [defendant's] double jeopardy claim from being appealable." *Richardson,* 468 U.S. at 322, 104 S.Ct. at 3084. Finally, our failure to exercise jurisdiction would effectively preclude review of defendant's claim that his double jeopardy "guarantee against being twice put to *trial* for the same offense" would be violated by a retrial. *Abney,* 431 U.S. at 661, 97 S.Ct. at 2041 (original emphasis). If defendant is denied appellate review of his double jeopardy claim until after the second trial, the possible violation his double jeopardy right not to be tried twice for the same offense could never be effectively remedied.

In addition to defendant's claim being based on a final decision by virtue of the collateral order doctrine, the policy underlying the final decision requirement of 28 U.S.C. § 1291 would not be advanced by denying defendant appellate review of his double jeopardy claim at this stage in the proceedings. The government has two appeals pending. Therefore, defendant's appeal will not lead to further delay in the administration of justice. Further, one of the government's appeals challenges the order granting defendant a new trial on the same count on which defendant's double jeopardy claim is based. Accordingly, the issues raised in defendant's cross-appeal are intertwined with the issues raised in the government's appeal. Our "practical rather than a technical construction" of 28 U.S.C. § 1291, *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225, in light of its underlying policy leads us to conclude that the order denying defendant's motion for a judgment of acquittal is a final decision for purposes of appellate jurisdiction.

In both *Abney* and *Richardson,* the government argued that permitting interlocutory appeals on double jeopardy claims would delay the administration of justice thereby contravening the policy underlying 28 U.S.C. § 1291 which is "especially inimical" to criminal cases. In *Abney,* the Court suggested that such a problem could be avoided through "summary procedures and calenders to weed out frivolous claims of former jeopardy." 431 U.S. at 662 n. 8, 97 S.Ct. at 2042 n. 8. In *Richardson,* the Court reaffirmed this practice and indicated that "the appealability of a double jeopardy claim depends upon its being at least 'colorable.'" 468 U.S. at 322, 104 S.Ct. at 3084 (quoting *United States v. MacDonald,* 435 U.S. 850, 862, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978)).

 The crux of the government's argument is that we do not have appellate

jurisdiction because defendant has not raised a colorable double jeopardy claim. The government's argument confuses our jurisdictional authority to hear an appeal with our supervisory power summarily to dismiss frivolous claims. Every district court order denying a double jeopardy claim is, by its nature, a final decision due to the collateral order doctrine. The summary determination of whether a defendant has raised a colorable claim is not necessary to our jurisdiction. Rather, it is a discretionary action within our "supervisory powers" to ensure that defendants do not engage in "dilatory appeals." *Abney*, 431 U.S. at 662 n. 8, 97 S.Ct. at 2042 n. 8.

■ Nevertheless, defendant's double jeopardy claims are colorable. In *Richardson*, after the Court held that appellate jurisdiction was proper, it rejected the defendant's double jeopardy claim on the merits. The defendant had appealed the district court's decision denying his motion for a judgment of acquittal following the declaration of a mistrial due to a hung jury. 468 U.S. at 318–19, 104 S.Ct. at 3082–83. The defendant claimed that the Double Jeopardy Clause barred retrial if there was insufficient evidence to convict at the first trial. *Id.* at 322–23, 104 S.Ct. at 3084–85. *See Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978) (Double Jeopardy Clause bars retrial when conviction is reversed on appeal based on insufficient evidence). The Court disagreed, stating that "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson*, 468 U.S. at 325, 104 S.Ct. at 3086 (citing *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 308–10, 104 S.Ct. 1805, 1813–14, 80 L.Ed.2d 311 (1984); *Price v. Georgia*, 398 U.S. 323, 329, 90 S.Ct. 1757, 1761, 26 L.Ed.2d 300 (1970)). The Court held that "the failure of the jury to reach a verdict is not an event which terminates jeopardy." *Id.* In a footnote, the Court noted:

It follows logically from our holding today that claims of double jeopardy such as [defendant's] are no longer "colorable" double jeopardy claims which may

be appealed before final judgment. A colorable claim, of course, presupposes that there is some possible validity to a claim. Since no set of facts will support the assertion of a claim of double jeopardy like [defendant's] in the future, there is no possibility that a defendant's double jeopardy rights will be violated by a new trial, and there is little need to interpose the delay of appellate review before a second trial can begin.

*Id.* at 326 n. 6, 104 S.Ct. at 3086 n. 6 (internal citations omitted).

Contrary to the government's argument, *Richardson* does not render defendant's claims frivolous. First, *Richardson* involved an appeal following the declaration of a mistrial due to a hung jury. This scenario consistently has been held not to bar retrial. *Id.* at 324, 104 S.Ct. at 3085. By contrast, the jury in the present case did reach a verdict. The sentence was not imposed only because the district court granted a new trial due to the jury's exposure to extraneous material during its deliberations. While the government may argue that the jury's verdict does not terminate jeopardy, at least three other circuits have permitted interlocutory appeals on double jeopardy claims subsequent to *Richardson* despite the absence of any event which would terminate the original jeopardy. *See United States v. Dixon*, 913 F.2d 1305, 1308–09 (8th Cir.1990) (appellate jurisdiction proper following manifest necessity mistrial due to prejudicial publicity); *United States v. Szado*, 912 F.2d 390, 391–93 (9th Cir.1990) (appellate jurisdiction proper when district court, in reversing conviction from bench trial before magistrate, declined to rule on sufficiency of evidence); *United States v. Bradley*, 905 F.2d 1482, 1485–86 (11th Cir.1990) (appellate jurisdiction proper when district court severed counts during trial without defendants' consent), *cert. denied*, —— U.S. ——, 111 S.Ct. 969, 112 L.Ed.2d 1055 (1991).

Second, defendant's cross-appeal asserts not only that the government failed to present sufficient evidence at the first trial, but also that the Double Jeopardy Clause bars retrial on five of the six false state-

ments alleged in count one. The jury found defendant guilty of count one based solely on one of six alleged false statements. Defendant's argument implies that the special verdict necessarily acquitted him of the remaining five false statements. While we express no opinion on the merits of this argument, we note that "acquittals, unlike convictions, terminate the initial jeopardy." *Lydon*, 466 U.S. at 308, 104 S.Ct. at 1813. Therefore, defendant's double jeopardy claims are sufficiently distinguishable from the claim in *Richardson* to preclude us from concluding that they are frivolous.

The government's motion to dismiss defendant's cross-appeal is DENIED. Defendant shall file and serve his brief on the merits of his cross-appeal which was previously stricken within five days. The government shall file and serve an answer brief within fourteen days of service of defendant's brief. Because defendant has been designated as cross-appellant, he will not be permitted to file a reply to the government's answer.

SO ORDERED.