FILED
United States Court of Appeals
Tenth Circuit

November 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONEARL B. SMITH,

Defendant - Appellant.

No. 09-3095

(D. Kansas)

(D.C. Nos. 6:08-CV-01241-MLB and
6:06-CR-10237-MLB-1)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

On September 10, 2009, this court entered an Order Granting and Denying

Certificate of Appealability in this matter. It authorized Mr. Smith to appeal the

district court's denial of his motion under 28 U.S.C § 2255 on one ground:

namely, that his claim of ineffective assistance in the negotiation of his guilty

plea was timely under § 2255(f)(4). Our order directed the United States to file a

responsive brief.

_____

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The brief by the United States does not dispute the merits of Mr. Smith's claim that this component of his § 2255 motion was timely under §2255(f)(4). It contends solely that he failed to preserve the issue because he did not argue in district court that his motion was timely under that provision. Although we can sympathize with the district court in not seeing the point, we nevertheless believe that Mr. Smith's pro se motion under § 2255 adequately presented the issue. We therefore REVERSE the district court's denial of Mr. Smith's motion and REMAND for further proceedings regarding whether the claim was in fact timely under § 2255(f)(4), and, if so, whether Mr. Smith was entitled to relief on the merits. (Of course, if the district court decides that it is easier to resolve the matter on the merits than on the timeliness issue, it may do so.)

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge