FILED
United States Court of Appeals
Tenth Circuit

January 11, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SKOSHI THEDFORD FARR,

Defendant-Appellant.

No. 09-6024

---

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 5:08-CR-00271-F-1)**

---

Mack K. Martin (with Kendall A. Sykes on the briefs), of Martin Law Office,
Oklahoma City, Oklahoma, for Defendant-Appellant.

Susan Dickerson Cox (with John C. Richter on the brief), U.S. Attorney's Office,
Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **KELLY**, **SILER**,[*] and **TYMKOVICH**, Circuit Judges.

---

**SILER**, Circuit Judge.

---

[*]The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for
the Sixth Circuit, sitting by designation.

Skoshi Thedford Farr was convicted by a jury of evading taxes in violation of 26 U.S.C. § 7201. We reversed her conviction on appeal because the proof presented at trial and the district court's jury instructions constructively amended the indictment. She was subsequently indicted for violating the same statute based on the same conduct. The district court denied her motion to dismiss on double jeopardy grounds. For the reasons that follow, we **AFFIRM** the district court's decision.

## I. Factual and Procedural Background

From 1984 through 1999, Farr served as the general manager or administrator of her husband's alternative medicine clinic in Oklahoma City, which he operated from 1978 until his death in December 1998. *United States v. Farr*, 536 F.3d 1174, 1176-77 (10th Cir. 2008). Based on the clinic's failure to pay certain employment taxes, she was indicted for violating 26 U.S.C. § 7201. *Id.* at 1177. Rather than seeking only a broad indictment by simply reciting the generic language of § 7201, the government specifically charged:

> "[that Farr] willfully attempt[ed] to evade and defeat the payment of the quarterly employment tax for ATHA-Genesis Chapter due and owing by her to the United States of America for the quarters 6-99, 9-99, and 12-99 in the amount of $72,076.21 by concealing and attempting to conceal from the Internal Revenue Service the nature and extent of her assets and the location thereof and placing funds and property in the names of nominees . . . in violation of Title 26 United States Code, Section 7201."

*Id.* (quoting the indictment).

-2-

At trial, the government only presented evidence that Farr was personally assessed and failed to pay a "trust fund recovery penalty." *Id.* at 1178. Recognizing the indictment did not cover Farr's failure to pay a trust fund recovery penalty, the district court instructed the jury, as a matter of law, that the "[t]rust [f]und [r]ecovery [p]enalty assessed against the defendant [wa]s to be treated as equivalent of the quarterly employment tax referred to in . . . the indictment." *Id.* at 1179 (citing the jury instructions). The jury convicted Farr, who appealed her conviction. *Id.*

We concluded that the trial proceedings effected a constructive amendment of the indictment. *Id.* at 1180. We explained that while the indictment charged Farr with failing to pay quarterly employment taxes, the government's own witnesses indicated that only the employer is liable for quarterly employment taxes and Farr was never the employer. *Id.* In light of this, the government sought to proceed against Farr for failing to pay the trust fund recovery penalty, and the district court in its jury instruction "effectively allowed the jury to convict Ms. Farr for failing to pay *either* the clinic's quarterly employment taxes purportedly 'due and owing by her' *or* the trust fund recovery penalty assessed personally against her." *Id.*

We went on to explain that had the government simply charged Farr generically under § 7201 with the willful evasion of a tax it could have proven its case against her using either theory. *See id.* at 1181. Instead, since it included

particulars about the nature of the tax, the particulars of the tax became an essential and delimiting part of the charge itself. *Id.* Consequently, we reversed and remanded the case for a new trial. *Id.* at 1188.

Based on this court's reversal, the district court dismissed the case. The government then issued a new indictment charging Farr with violating § 7201 by failing to pay taxes she owed under the Trust Fund Recovery Act. She moved the district court to dismiss the case on double jeopardy grounds, and it refused. She now appeals the district court's decision.

## II. Discussion

We review the district court's denial of a motion to dismiss an indictment on double jeopardy grounds de novo, and we review the district court's factual findings underlying the double jeopardy claim for clear error. *United States v. German*, 76 F.3d 315, 317-18 (10th Cir. 1996).

## A. Judgment of Acquittal

The double jeopardy clause of the Fifth Amendment "guarantees that the State shall not be permitted to make repeated attempts to convict the accused," which would subject him to embarrassment, expense and ordeal, and compel "'him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.'" *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977) (quoting *Green v. United States*, 355 U.S. 184, 187-88 (1957), and citing *Downum v. United States*, 372

-4-

U.S. 734, 736 (1963)).  The clause only creates an impediment to subsequent prosecution, however, when there was previously a judgment of acquittal on the charge.  *See United States v. Scott*, 437 U.S. 82, 91-92 (1978).

"The successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge," but "[a] judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict" does bar future prosecution on the same charge.  *Id.*; *see United States v. Difrancesco*, 449 U.S. 117, 132-33 (1980) ("It is acquittal that prevents retrial even if legal error was committed at the trial.  This is why the law attaches particular significance to an acquittal."  (citations and quotations omitted)).  Whether a judgment or reversal constitutes an acquittal is not controlled by the form of the court's decision.  *Martin Linen Supply Co.*, 430 U.S. at 571.  "Instead, 'we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.'"  *United States v. Hunt*, 212 F.3d 539, 543 (10th Cir. 2000) (quoting *Martin Linen Supply Co.*, 430 U.S. at 571, and citing *Scott*, 437 U.S. at 97, and *United States v. Appawoo*, 553 F.2d 1242, 1244 (10th Cir. 1977), for the same principle).

Neither the district court nor this court made factual findings tantamount to a judgment of acquittal.  *See Hunt*, 212 F.2d at 544 (holding that the district

-5-

court's conclusion that the packages were not in the "mail" as defined by statute when the theft occurred constituted a factual resolution of one of the elements of the crime in favor of the defendant and was equivalent to acquittal). While the district court implied that the government was incapable of proving the first element of the offense—that the quarterly employment tax was "due and owing" of Farr, it never found that the government could not or had not proven that element. For instance, the district court said that it was "pulling the case out of the ditch for the government," implying that the government could not otherwise prove its case without finding that the government's evidence was insufficient.

Similarly, this court made no factual findings that the government had failed to prove an element of the offense. *See Farr*, 536 F.3d at 1186. In fact, we explicitly noted "that our ruling on the constructive amendment question does not speak to the question of evidentiary sufficiency, and thus does not implicate double jeopardy concerns." *Id.*

Furthermore, this court's decision that there had been a constructive amendment of the indictment was not per se a conclusion regarding the sufficiency of the evidence. The Fifth Circuit has expressly held that a constructive amendment does not bar retrial for the same offense. *See, e.g.*, *United States v. Mize*, 820 F.2d 118, 119-20 (5th Cir. 1987) (concluding that its reversal based on a constructive amendment of the indictment did not bar defendant's second conviction based on an indictment containing proper

-6-

allegations, because the court specifically held in its earlier opinion that it had not reversed defendant's conviction for insufficiency of the evidence and that retrial was not barred by double jeopardy); *see also United States v. Pacheco*, 434 F.3d 106, 116 (1st Cir. 2006) (indicating that even if the defendant could win on his claims of constructive amendment, that would "at most earn the defendant a retrial"). We recognized this when we explained that the "erroneous constructive amendment" did "nothing to imply an insufficiency in the evidence." *Farr*, 536 F.3d at 1187. Because reversal for constructive amendment does not itself engender double jeopardy concerns and neither the district court nor this court made factual findings tantamount to acquittal, the double jeopardy clause is not implicated by Farr's retrial for the same statutory violation.

B. **The *Blockburger* Test**

According to the *Blockburger* test, if each offense for which the defendant is tried or punished contains a separate element not present in the other, double jeopardy does not bar the successive prosecution. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Blockburger* test, however, only applies in two scenarios: (1) when the government charges two offenses simultaneously which arise from the same conduct and may have the same elements, *see United States v. Morehead*, 959 F.2d 1489, 1506-07 (10th Cir. 1992); or (2) when, after a judgment of acquittal, the government charges a new offense which arguably has the same elements as the offense on which the defendant was acquitted, *see*

*United States v. Genser*, 710 F.2d 1426, 1427 (10th Cir. 1983). Neither of those situations is present here. No court made a ruling synonymous with Farr's acquittal, and the current indictment charges only one offense. Furthermore, since the double jeopardy clause is not a bar to retrying Farr on the exact same offense, it does not matter whether she is instead charged with a different offense that requires proof of the same elements. Thus, Farr has failed to show that her right to be free from double jeopardy is implicated by her current charges.

## C. Other Flaws in the Indictment

This interlocutory appeal was limited only to the district court's denial of Farr's motion for acquittal based on double jeopardy. Accordingly, we do not consider, on this appeal, any other flaws in the indictment or potential grounds for dismissal.

### III. Conclusion

For the reasons stated above, we **AFFIRM** the district court's denial of Farr's motion to dismiss her indictment and **REMAND** the matter to the district court.