**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JONEARL B. SMITH,

      Defendant - Appellant.

No. 11-3062
(D.C. No. 6:06-CR-10237-MLB-1)
(D. Kan.)

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ** and **HOLMES**, Circuit Judges, and **EAGAN**,[**] District Judge.

---

On October 20, 2006, Jonearl B. Smith was charged by complaint with possession with intent to distribute of five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack) on October 19, 2006. Smith was later indicted on the same charge. The grand jury returned a superseding indictment charging Smith with possession with intent to distribute of cocaine base (crack) on June 16 and October 19, 2006, and possession with intent

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]Honorable Claire V. Eagan, Chief Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

to distribute of cocaine on June 14, 2006. Pursuant to a plea agreement, Smith entered a guilty plea to all counts charged in the superseding indictment. The plea agreement did not prohibit the government from bringing additional criminal charges against Smith for the conduct giving rise to the criminal charges to which he pleaded guilty. Smith was sentenced to 150 months' imprisonment on each count, to run concurrently. The district court entered the judgment and commitment on July 2, 2007.

On July 27, 2007, a grand jury returned a sealed indictment in a separate criminal case, charging Smith and other defendants with additional crimes. In a fifth superseding indictment in the latter case, Smith was charged with violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (RICO) (count one), conspiracy to violate RICO (count two), conspiracy to distribute 50 grams or more of cocaine base (count twenty-eight), and conspiracy to distribute marijuana (count twenty-nine) [hereinafter "the RICO case."] In count one, the grand jury charged that Smith committed the following racketeering acts: distribution of cocaine base on June 16 and October 19, 2006, and distribution of cocaine on June 14, 2006. Smith exercised his right to a jury trial, and the jury was unable to reach a verdict as to count one. However, Smith was convicted of counts two and twenty-eight, and acquitted of count twenty-nine. Smith was sentenced to 77 months' imprisonment.

While the RICO case was pending, Smith filed in this case a motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Smith argued, *inter alia*, that his defense attorney did not advise him that he could be subject to additional criminal charges if he pleaded guilty pursuant to the plea agreement. The district court denied Smith's § 2255 motion as untimely, and Smith appealed the district court's decision. A panel of this court reversed and remanded for further proceedings to determine if Smith's § 2255 motion was timely. *United States v. Smith*, No. 09-3095, 352 Fed. Appx. 288 (10th Cir. Nov. 5, 2009) (unpublished). On remand, the district court granted Smith's § 2255 motion on the ground that Smith's attorney failed to fully advise him of the consequences of entering a guilty plea, and the district court set the case for a new jury trial.

Smith filed a motion to dismiss the charges in this case based on the Double Jeopardy Clause of the Fifth Amendment and the doctrine of collateral estoppel. Smith argued that he had been convicted of and sentenced for RICO conspiracy and drug conspiracy charges, and that the Double Jeopardy Clause barred retrial for additional crimes arising out of the same set of facts. The district court denied Smith's motion to dismiss, and Smith filed this interlocutory appeal. The government asks us to exercise our supervisory authority to summarily dismiss this appeal on the ground that Smith has not asserted a colorable double jeopardy or collateral estoppel claim.

## Discussion

Smith argues that the district court erred by denying his motion to dismiss

on double jeopardy or collateral estoppel grounds, because he has been tried and convicted on RICO and drug conspiracy charges based on the same conduct alleged in this case. He claims that possession of cocaine base and cocaine with intent to distribute are lesser included offenses of the conspiracy charges, and that the Supreme Court's decision in *Brown v. Ohio*, 432 U.S. 161 (1977), bars the prosecution of Smith for any lesser included offenses of the conspiracy charges. He also argues that the doctrine of collateral estoppel prevents the government from proceeding with this case because the same factual issues were fully litigated as part of the conspiracy charges in the RICO case, for which he has already been convicted and sentenced.

The district court's order denying Smith's motion to dismiss on double jeopardy grounds falls within the collateral order exception to the final judgment rule, and we have jurisdiction under 28 U.S.C. § 1291. *Abney v. United States*, 431 U.S. 651, 662 (1977); *United States v. Wittig*, 575 F.3d 1085, 1095 (10th Cir. 2009); *United States v. Wood*, 950 F.2d 638, 641-42 (10th Cir. 1991). Denial of a motion to dismiss an indictment on double jeopardy grounds is reviewed *de novo*, and any factual findings of the district court are reviewed for clear error. *United States v. Farr*, 591 F.3d 1322, 1324 (10th Cir. 2010).

The government asks us to summarily dismiss this appeal because Smith has not asserted a colorable double jeopardy or collateral estoppel claim. As we stated in *Wood*:

-4-

> Every district court order denying a double jeopardy claim is, by its nature, a final decision due to the collateral order doctrine. The summary determination of whether a defendant has raised a colorable claim is not necessary to our jurisdiction. Rather, it is a discretionary action within our "supervisory powers" to ensure that defendants do no engage in "dilatory appeals."

*Wood*, 950 F.2d at 642. A double jeopardy claim is colorable if there is "some possible validity" to the claim. *Richardson v. United States*, 468 U.S. 317, 326 n.6 (1984). The government argues that Smith's double jeopardy claims have no merit and, thus, the claims are not colorable. However, the government does not dispute that Smith's convictions in the RICO case placed him in jeopardy within the meaning of the Double Jeopardy Clause, and that the original jeopardy has terminated. Smith's prosecution for possession of cocaine base and cocaine with intent to distribute also arises out of some of the same facts on which his prior convictions were based. Smith's arguments on appeal may ultimately prove unsuccessful, but he has made at least a minimal showing that he was tried for crimes based on similar facts and original jeopardy has terminated. We find that Smith has stated a colorable double jeopardy claim and decline to exercise our supervisory authority to summarily dismiss the appeal.

The United States Constitution provides that "[n]o person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend V. The Double Jeopardy Clause "was designed to protect an individual from being subjected to the hazards of trial and possible conviction

-5-

more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187 (1957). However, successive prosecutions of a defendant are not barred "if each offense for which the defendant is tried or punished contains a separate element not present in the other . . . ." *Farr*, 591 F.3d at 1325 (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). It is "'well settled that commission of a substantive offense and a conspiracy to commit it are separate crimes' because '[t]he essence of a conspiracy charge is an agreement to commit' a substantive offense." *United States v. Johnson*, 977 F.2d 1360, 1371 (10th Cir. 1992). Smith conceded at oral argument that he cannot establish a double jeopardy violation under the *Blockburger* test.

Smith argues that the substantive drug charges in this case are lesser included offenses of the crimes of which he was convicted in the RICO case, and that the Double Jeopardy Clause prohibits the government from retrying him for lesser included drug charges. Smith relies on *Brown* to support his argument. In *Brown*, the defendant stole a vehicle in Cuyahoga County, Ohio, and was apprehended nine days later in Wickliffe, Ohio. *Brown*, 432 U.S. at 162. The Wickliffe police charged the defendant with joyriding, and the defendant pleaded guilty to that charge. *Id.* After completing his prison sentence, a grand jury in Cuyahoga County indicted the defendant on charges of automobile theft and joyriding. *Id.* at 162-63. He pleaded guilty to automobile theft on the condition that he be permitted to assert a double jeopardy claim, and the trial court

-6-

considered and rejected the defendant's argument that he had been subjected to multiple punishments for the same offense. *Id.* at 163. On appeal, the Ohio Court of Appeals acknowledged that joyriding was a lesser included offense of automobile theft, but it affirmed the defendant's conviction for automobile theft. The Supreme Court reversed the defendant's conviction and held that the Double Jeopardy Clause "forbids successive prosecution and cumulative punishment for a greater and lesser included offense." *Id.* at 169. Greater and lesser included offenses are treated as the same offense for double jeopardy purposes, and the government may not punish a person multiple times for the same offense. *Id.* at 168. This is true whether multiple punishments are sought in a single proceeding or a successive prosecution following an earlier conviction. *Id.* at 169.

Smith argues that the drug charges in this case are lesser included offenses of the RICO conspiracy and drug conspiracy charges of which he was convicted in the RICO case, because the government was required to prove in the RICO case that defendant possessed cocaine or cocaine base with the intent to distribute on the three occasions alleged in the superseding indictment in this case. Under *Schmuck v. United States*, 489 U.S. 705 (1989), a lesser included offense must contain all of the elements of the greater offense and a lesser included offense instruction may not be given if the lesser offense includes an element that is not part of the greater offense. *Id.* at 715-16. Possession of drugs with intent to distribute and distribution of drugs are not lesser included offenses of a drug

conspiracy charge. *United States v. Horn*, 946 F.2d 738, 744-45 (10th Cir. 1991). A conviction for engaging in a RICO conspiracy also does not bar subsequent prosecution for the predicate acts relied upon to establish the conspiracy, because Congress plainly intended multiple criminal punishments for participation in a RICO conspiracy and for commission of the predicate acts. *United States v. Polanco*, 145 F.3d 536, 542 (2d Cir. 1998); *United States v. Saccoccia*, 18 F.3d 795, 798 (9th Cir. 1994); *United States v. Grayson*, 795 F.2d 278, 282 (3d Cir. 1986). Smith incorrectly assumes that the government was required to prove that he actually distributed drugs or possessed drugs with the intent to distribute, in order to have been convicted in the RICO case on the RICO and drug conspiracy charges. Instead, the essence of a conspiracy charge is that a defendant and others agreed to commit a certain offense, and a defendant may be criminally liable for conspiracy even if he does not personally commit the underlying offense. *Johnson*, 977 F.2d at 1371. Thus, *Brown* does not apply and there is no risk that Smith will be subject to multiple punishments for the same offense if he is tried for the drug offenses charged in this case.

Smith asserts that the government is barred by collateral estoppel from prosecuting him for drug offenses in this case when the jury conclusively determined he committed these crimes by convicting him in the RICO case of RICO and drug conspiracy charges. *Brown* leaves open the possibility that collateral estoppel may be an alternate basis to prevent the relitigation of factual

issues in a subsequent or successive criminal prosecution. *Brown*, 432 U.S. at 166 n.6. Collateral estoppel may apply to prevent the government from retrying a defendant after a prior acquittal on criminal charges arising out of the same set of facts. *Wittig*, 575 F.3d at 1098; *see United States v. Rigas*, 605 F.3d 194 (3d Cir. 2010) ("The Double Jeopardy Clause . . . embodies principles of collateral estoppel that can bar relitigation of an issued actually decided in a defendant's favor by a valid and final judgment"). In the context of a criminal case, the Court must consider two questions to determine if collateral estoppel is applicable:

> First, is the issue the [defendant] wish[es] to foreclose from trial the actual basis for [his] prior acquittal? Second, is the same issue necessary to the prosecutor's case in this proceeding?

*Wittig*, 575 F.3d at 1098. The answer to both questions is in the negative, and Smith's prosecution for drug charges in this case is not barred by collateral estoppel. First, Smith was convicted in the RICO case of participation in a RICO conspiracy and a conspiracy to distribute cocaine, and he was not acquitted of any criminal charge relating to the drug charges in this case. The jury was unable to reach a verdict on the substantive RICO charge, but this is not the equivalent of an acquittal and it does not show that the evidence was insufficient to sustain a conviction. *See Richardson*, 468 U.S. at 325-26. Second, it was not necessary for the jury in the RICO case to reach the issue of whether Smith actually distributed or possessed with intent to distribute cocaine or cocaine base, in order to have found him guilty of conspiracy. The jury found only that Smith agreed with

-9-

others to violate the federal drugs laws.  Thus, there were no issues decided in the RICO case that are identical to any issue in this case, and collateral estoppel does not bar the prosecution of Smith on drug charges.

Accordingly, the government's motion to dismiss the appeal is DENIED, and the district court's denial of Smith's motion to dismiss is AFFIRMED.


Entered for the Court


Claire V. Eagan
District Judge