FILED
United States Court of Appeals
Tenth Circuit

January 18, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SKOSHI THEDFORD FARR,

      Defendant-Appellant.

No. 11-6324
(D.C. No. 5:08-CR-00271-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HOLMES**, Circuit Judges.

---

Skoshi Thedford Farr appeals the district court's denial of release on bail pending her appeal of her conviction for tax evasion in violation of 26 U.S.C. § 7201. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under 18 U.S.C. § 3143(b)(1), detention pending appeal is presumed unless a judicial officer finds (A) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," and (B) "that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, or a lesser sentence. The district court concluded that Ms. Farr had failed to show the required substantial question of law or fact. "Whether the particular circumstances of a case satisfy a prescribed statutory standard . . . presents a mixed question of law and fact." *United States v. Kinslow*, 105 F.3d 555, 557 (10th Cir. 1997) (per curiam). We "apply de novo review to mixed questions of law and fact concerning the detention or release decision, while accepting the district court's findings of historical fact which support that decision, unless they are clearly erroneous." *Id.*; *see also United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (per curiam).

"[A] substantial question is one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (en banc) (internal quotation marks omitted). "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis[.]" *Id.* On appeal, Ms. Farr identifies four issues that she contends present substantial questions of law or fact: (1) double jeopardy; (2) admission of

-2-

prejudicial Federal Rule of Evidence 404(b) evidence; (3) indictment under § 7201 instead of 26 U.S.C. § 7202; and (4) insufficiency of the evidence. None of these issues, however, appear to be close questions or questions that very well could be decided in favor of Ms. Farr.

Double Jeopardy. Ms. Farr's double jeopardy argument is based upon this court's reversal of her first conviction under § 7201. *See United States v. Farr*, 536 F.3d 1174, 1176 (10th Cir. 2008) ("*Farr I*"). But this court has already explicitly considered and rejected her double jeopardy argument. *United States v. Farr*, 591 F.3d 1322, 1326 (10th Cir.), *cert. denied*, 131 S. Ct. 274 (2010); *see also Farr I*, 536 F.3d at 1176, 1186 (leaving open the possibility that Ms. Farr could be retried under a new indictment). Thus, this issue does not present a substantial question in the current appeal.

Rule 404(b) Evidence. The district court's admission of Rule 404(b) evidence will be reviewed for abuse of discretion. *United States v. Caldwell*, 560 F.3d 1214, 1220 (10th Cir. 2009). Rule 404(b) allows the admission of evidence to prove elements such as "intent, preparation, plan, knowledge, . . . or absence of mistake or accident." As Ms. Farr acknowledges, to obtain a conviction, the government had to prove, beyond a reasonable doubt, that she acted willfully. The district court explicitly relied on this ground in admitting the evidence. Although Ms. Farr argues that the prejudicial impact of the evidence outweighed its probative value, on the limited record before this panel, we cannot

conclude that there is a substantial question whether the district court abused its discretion in admitting the Rule 404(b) evidence.

Proceeding under incorrect statute. Ms. Farr contends that she should have been charged under 26 U.S.C. § 7202 rather than 26 U.S.C. § 7201. It appears, however, that § 7201 encompasses her conduct. *See Farr I*, 536 F.3d at 1186 ("[T]he government has adduced ample evidence from which a jury could find Ms. Farr guilty of evading the trust fund recovery penalty."). "When a defendant's conduct violates more than one criminal statute, the government may prosecute under either (or both, for that matter, subject to limitations on conviction and punishment)." *United States v. Bradshaw*, 580 F.3d 1129, 1136 (10th Cir. 2009). "Absent certain allegations of impropriety, it is not the role of the jury (or the judge) to decide whether the government has charged the correct crime, but only to decide if the government has proved the crime it charged." *Id.* Accordingly, this issue does not present a substantial question for appeal.

Insufficiency of evidence. Finally, Ms. Farr argues that there was insufficient evidence to convict her of tax evasion from November 12, 2001, to September 2002, when the IRS ceased communication with her. It is not clear why she focuses on 2001-2002, however, given that the indictment specified a time period from November 12, 2001, through at least August 15, 2006. In any event, based on this limited record, we cannot conclude that it is a close question whether the evidence was insufficient to sustain her conviction. This court noted

-4-

in Ms. Farr's first trial that "the government has adduced ample evidence from which a jury could find Ms. Farr guilty of evading the trust fund recovery penalty." *Farr I*, 536 F.3d at 1186; *see also id.* at 1187-88 & n.11 (discussing the evidence).

The district court's denial of release on bail pending appeal is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM